UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| COREY FERNANDO RUSSELL, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No.: 3:13-cv-158-RLJ-CCS |
| v. ) | |
| ) | |
| DAVID RAY, et al., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by the defendants. Plaintiff has not filed a response to the motion to dismiss and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 23] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Plaintiff is in the custody of the Tennessee Department of Correction. He brought this action during his confinement in the Claiborne County Detention Center. The defendants are Claiborne County Sheriff David Ray and other correctional officials employed at the Claiborne County Detention Center. The complaint alleges numerous violations of plaintiff's constitutional rights, including but not limited to, denial of

medical care, racial slurs, and interference with legal mail. The defendants move to dismiss the complaint based upon plaintiff's failure to exhaust his administrative remedies.

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the PRLA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 584 U.S. 81, 93 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

In his complaint, plaintiff answered yes to the question of whether he presented the facts in his complaint in the prisoner grievance procedure and stated that the steps he took were "A request, institutional grievance." [Doc. 2, Complaint, p. 2]. He did not attach copies of any grievances or other administrative proceedings.

In support of the motion to dismiss, the defendants have submitted the affidavit of Larry Martin. [Doc. 24, Affidavit of Larry Martin]. He testifies that he is the Operations Lieutenant for the Claiborne County Jail and oversees the grievance process for the jail. [*Id*. at 1]. Attached to Mr. Martin's affidavit are two grievances filed by plaintiff, one of

2

which concerns being lock-down after a fight and the other about having to return to his cell for breakfast. [*Id*., Exhibits B and C, respectively]. Mr. Martin testifies, correctly, that "neither of those grievances related to any event addressed in his Complaint." [*Id*. at 2]. As noted, plaintiff has not responded to the motion to dismiss.

This case will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge